Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for plaintiff Robert Jacob Bailey

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACOB BAILEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF RIVERSIDE, REESE BARBEE and DOES 1 through 10, INCLUSIVE,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM FOR EXECESSIVE / UNREASONABLE USE OF FORCE UPON PERSON (U.S. CONST. AMEND 4); CLAIM FOR UNREASONABLE SEIZURE OF PROPERTY (U.S. CONST. AMEND 4); VIOLATION OF FIRST AMENDMENT RIGHTS [RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES / FREEDOM OF SPEECH]; STATE LAW CLAIMS FOR VIOLATION OF CAL. CIV. CODE § 52.1; FALSE ARREST / FALSE IMPRISONMENT; ASSAULT; BATTERY; CONVERSION/TRESPASS TO CHATTELS; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

COMPLAINT FOR DAMAGES

1

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff ROBERT JACOB BAILEY, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiffs' California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiff Robert Jacob Bailey timely filed his Claim for Damages against the County of Riverside on January 13, 2021, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claim has been rejected by defendant County of Riverside on January 21, 2021.

## GENERAL ALLEGATIONS

5.      Plaintiff Robert Jacob Bailey, hereinafter referred to as "BAILEY" and/or "plaintiff" and/or "Robert Bailey" is a natural person, who, at all times complained of in this action, resided in the State of California.

6.      Defendant County of Riverside, hereinafter also referred to as "County of Riverside" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of

this Honorable Court.

7.     Defendant Reese Barbee, hereinafter referred to as "BARBEE", is a sworn deputy sheriff with the Riverside County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Riverside County Sheriff's Department and defendant County of Riverside.

8.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County of Riverside and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

9.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant County of Riverside and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside.

10.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of Riverside and/or with some other public entity, who are in some substantial way

COMPLAINT FOR DAMAGES
3

liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Riverside and/or with some other public entity, for: 1) wrongfully arresting persons, especially for resistance offenses[1] and for bogus arrests for Public Intoxication[2] and Under the Influence of Controlled Substances[3]; 2) using excessive / unreasonable force on persons[4]; 3) unlawfully seizing persons[5]; 4) unlawful searching and seizing persons and their personalty / property; 5) fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 6) interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech, and 7) covering-up unlawful and tortious conduct by Riverside County Sheriff's Department deputy sheriffs and supervisors, and/or with some other public entity personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the

---

[1] Such as violation of Cal. Penal Code §§ 69, 71, 148(a)(1), 241(c), 243(b) and 245(c) & (d).
[2] Cal. Penal Code § 647(f).
[3] Cal. H & S Code § 11550 and Cal. Vehicle Code § 23152.
[4] In pursuit cases and for civilians "failing the attitude test".
[5] Usually for violation of Cal. Penal Code §§ 69, 71, 148(a)(1), 241(c), 243(b) and 245(c) & (d), Cal. Penal Code § 647(f), Cal. H & S Code § 11550 and Cal. Vehicle Code § 23152.

COMPLAINT FOR DAMAGES
4

plaintiff in this action.

11.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

12.    At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Deputy Sheriffs and/or Police Officers and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of Riverside and/or with some other public entity, and/or some other public official(s) with the County of Riverside and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside.

13.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of Riverside.

14.    Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Riverside and/or with some other public entity, for, inter alia: 1) wrongfully arresting persons, especially for resistance offenses[6] and for bogus arrests for Public Intoxication[7] and Under the Influence of Controlled Substances[8];

———————————————————

[6] Such as violation of Cal. Penal Code §§ 69, 71, 148(a)(1), 241(c), 243(b) and 245(c) & (d).
[7] Cal. Penal Code § 647(f).
[8] Cal. H & S Code § 11550 and Cal. Vehicle Code § 23152.

COMPLAINT FOR DAMAGES

2) using excessive / unreasonable force on persons[9]; 3) unlawfully seizing persons[10]; 4) unlawful searching and seizing persons and their personalty / property; 5) fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 6) interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech, and 7) covering-up unlawful and tortious conduct by Riverside County Sheriff's Department deputy sheriffs and supervisors, and/or with some other public entity personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

15.    In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Robert Bailey of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

16.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Robert Bailey's federal and state constitutional and statutory rights, as complained of herein.

---

[9] In pursuit cases and for civilians "failing the attitude test".
[10] Usually for violation of Cal. Penal Code §§ 69, 71, 148(a)(1), 241(c), 243(b) and 245(c) & (d), Cal. Penal Code § 647(f), Cal. H & S Code § 11550 and Cal. Vehicle Code § 23152.

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION
## UNREASONABLE SEIZURE OF PERSON UNDER FOURTH AMENDMENT
### [42 U.S.C. § 1983]
#### (By Plaintiff BAILEY Against All Defendants)

17.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18.    On July 29, 2020, plaintiff BAILEY went through the drive-thru prescription counter at Walgreens located at 12275 Perris Boulevard in Moreno Valley, California, to pick up his prescription medication.

19.    After picking up his prescription medication, plaintiff BAILEY parked his car in the parking lot and was counting his medication to make sure his prescription was filled properly. Plaintiff BAILEY then placed his prescription medication into the trunk of his car for safekeeping, because plaintiff was prescribed Percocet, a Schedule II controlled substance under the Controlled Substances Act[11] and did not want anyone to steal it.

20.    As plaintiff BAILEY was opening his driver's side door to enter his vehicle, defendant BARBEE approached plaintiff from behind, without identifying himself as a peace officer, and was told "What the fuck are you doing here?"

21.    Defendant BARBEE was dressed in tactical gear and it was not clear to plaintiff that defendant BARBEE was a peace officer. Plaintiff BAILEY thought he was being robbed.

22.    Thereafter, defendant BARBEE grabbed plaintiff BAILEY's wrist and painfully put plaintiff's wrist into a wrist lock, before slamming plaintiff's

_____

[11] 21 U.S.C. §§ 801 – 904, 951 – 971.

COMPLAINT FOR DAMAGES

7

face onto the hood of his car, with excessive and violent force, thereby damaging said car hood. When BARBEE attacked BAILEY, there were no facts known to BARBEE that would cause a reasonably well-trained peace officer to believe that BAILEY was engaged in criminality afoot or had otherwise committed a crime, or to believe that BAILEY was intoxicated on either drugs or ethanol, or, that BAILEY was in any way a danger to BARBEE or to others.

23.   Meanwhile, another deputy sheriff(s), DOE 1 and/or DOE 2, approached plaintiff BAILEY and told him to calm down after the unprovoked, violent assault and battery upon plaintiff BAILEY's person by defendant BARBEE. Plaintiff BAILEY verbally protested the unlawful actions to said defendants.

24.   Plaintiff BAILEY was then handcuffed tightly, such as to cause plaintiff excruciating pain and suffering, before being placed into the back of a patrol car.

25.   Plaintiff BAILEY then began suffering chest pains and requested medical attention; but when the ambulance arrived, defendant BARBEE sent the ambulance away.

26.   Over the course of approximately three hours sitting in the back of a patrol car, plaintiff BAILEY again requested medical attention complaining of chest pains. When the ambulance arrived, plaintiff was transported to Riverside University Health System Medical Center in Riverside, California.

27.   While at the hospital, defendant BARBEE refused to remove the handcuffs so that plaintiff could be treated by medical staff.

28.   After an electrocardiogram test was performed, plaintiff BAILEY was medically cleared by hospital staff and was transported to the Riverside County Sheriff's Department Moreno Valley substation for booking.

29.   While at said substation, plaintiff BAILEY was accused of driving under the influence, and refused a field sobriety test and voluntary blood draw. In

COMPLAINT FOR DAMAGES

8

response, defendant BARBEE and/or DOE 3 and/or DOE 4 obtained a search warrant for plaintiff BAILEY's blood.

30.     In order to obtain said search warrant, defendants BARBEE and/or DOES 1 through 6, inclusive, submitted to a Riverside County Superior Court Judge a warrant affidavit[12] that contained misrepresentations and/or omissions of fact, material to the finding of probable cause; and defendants BARBEE and/or DOES 1 through 6, inclusive, made those misrepresentations and/or omissions either intentionally or with reckless disregard for the truth.

31.     Defendants BARBEE and/or DOES 1 through 6, inclusive, had neither an arrest warrant, nor probable cause, nor any reasonable suspicion of criminality afoot of the plaintiff BAILEY.

32.     After obtaining plaintiff BAILEY's blood by medical personnel with the Riverside County Sheriff's Department, and after being in handcuffs for several more hours at said substation, plaintiff BAILEY was then transported to the Robert Presley Detention Center in Riverside, California.

33.     While in said jail, plaintiff again experienced chest pains and again requested medical attention, and was then transported to the Riverside Community Hospital in Riverside, California by ambulance to be evaluated.

34.     After being treated by medical staff at Riverside Community Hospital, including another electrocardiogram, plaintiff BAILEY was released from the hospital on his own recognizance by a certain Riverside County Sheriff's Department deputy sheriff, DOE 5 and/or DOE 6.

35.     In addition to the above-referenced actions, plaintiff BAILEY's car was also towed from the scene of the subject incident, causing plaintiff further economic damages.

_____

[12] Either in writing, or in a sworn statement to a Judge to get the search warrant.

COMPLAINT FOR DAMAGES

9

36.     Thereafter, when plaintiff BAILEY returned to work, he suffered extreme anxiety and emotional distress from the subject incident while on the job, which required that he take time off from work, resulting in a loss of wages.

37.     Because plaintiff BAILEY was working at a new job, he was on a 90-day probationary period. Plaintiff BAILEY believes he was terminated from his employment approximately 1.5-2 weeks after the subject incident for taking time off work to recuperate from the emotional distress created by his false arrest, the use of excessive / unreasonable force upon his person, and his incarceration. Plaintiff BAILEY still suffers from emotional distress as a result of the subject incident complained of herein.

38.     Thereafter, plaintiff BAILEY remained out of work for approximately 2.5-3 months, resulting in a further loss of wages.

39.     The actions of defendants BARBEE and DOES 1 through 7, inclusive, as complained above herein, the seizure of the plaintiff by said deputies, in the absence of an arrest warrant or probable cause to believe that BAILEY committed a crime, constituted a violation of plaintiff BAILEY's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure of his person.

40.     As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

41.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in

COMPLAINT FOR DAMAGES
10

excess of $3,000,000.00.

## SECOND CAUSE OF ACTION
## USE OF UNREASONABLE FORCE ON PERSON
## UNDER FOURTH AMENDMENT
## [42 U.S.C. § 1983]
### (By Plaintiff BAILEY Against All Defendants)

42.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, inclusive, above, as if set forth in full herein.

43.    As shown above, when said defendants BARBEE and DOES 1 through 10, inclusive, placed plaintiff in a wrist lock, slammed his face onto the hood of his car and kept plaintiff in handcuffs for hours when they were cinched down excessively tight, caused plaintiff BAILEY tremendous pain and suffering, as complained above herein, constituted a violation of plaintiff BAILEY's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon their persons.

44.    As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

45.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## THIRD CAUSE OF ACTION
COMPLAINT FOR DAMAGES

## VIOLATION OF 42 U.S.C. § 1983
### VIOLATION OF FOURTH AMENDMENT RIGHTS
### UNREASONABLE SEARCH AND SEIZURE OF PERSONAL PROPERTY
#### (By Plaintiff BAILEY Against All Defendants)

46.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.   As shown above, the towing and unlawful / unreasonable seizure and search of plaintiff BAILEY's vehicle by defendants BARBEE and DOES 1 through 10, inclusive, constituted an unlawful and unreasonable seizure of his property, without a warrant (or alternatively, an invalid warrant based upon false material representations of fact and/or material omissions of fact), without reasonable suspicion of criminality afoot by the plaintiff, and without probable cause to believe that the plaintiff had committed a crime; in violation of his right to be free from such an unlawful and unreasonable seizures and searches of his person and property under the Fourth Amendment to the United States Constitution.

48.   However, defendants BARBEE and DOES 1 through 10, inclusive, knew that plaintiff BAILEY had not committed any crime, yet nonetheless forcibly towed, seized and searched plaintiff's vehicle without a warrant (or alternatively, an invalid warrant based upon false material representations of fact and/or material omissions of fact), consent or probable cause or reasonable suspicion that plaintiff BAILEY had committed any crime.

49.   As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

COMPLAINT FOR DAMAGES

50.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## VIOLATION OF FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH / RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES
## [42 U.S.C. § 1983]
### (By Plaintiff BAILEY Against All Defendants)

51.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50, inclusive, above, as if set forth in full herein.

52.     As shown above, the main motivating factor for the unlawful seizure / unreasonable seizure of plaintiff BAILEY and the use of excessive / unreasonable force upon plaintiff BAILEY's person by defendants BARBEE and DOES 1 through 6, inclusive, was to retaliate against him for protesting his unlawful seizure and the use of unreasonable force upon him by said defendants, BARBEE and DOES 1 through 10, inclusive, and was done in retaliation for plaintiff BAILEY verbally protesting his false arrest, assault, battery and redressing his grievances to defendants BARBEE and DOES 1 through 10, inclusive, and for other acts of protected speech to other government officials. Accordingly, said conspiracy of the defendants, and each of them, to falsely seize and search plaintiff and his vehicle, and keep plaintiff locked up in jail, was done to deprive him / in retaliation for BAILEY's exercise of his First Amendment rights.

53.     Moreover, the use of unreasonable force upon plaintiff and his

COMPLAINT FOR DAMAGES
13

unlawful seizure was done to further deprive him / in retaliation for plaintiff BAILEY's exercise of his First Amendment rights.

54.    Plaintiff BAILEY's verbal protests to defendants BARBEE and DOES 1 through 10, inclusive, for being assaulted, battered, and falsely seized and accused of driving under the influence was speech that is/are protected by the First Amendment to the United States Constitution.

55.    A substantial or motivating factor in the decision of the defendants to take said actions in against plaintiff BAILEY, was his exercise of his right to freedom of speech / right to petition, as described above.

56.    But for plaintiff BAILEY's exercise of his right to freedom of speech / right to petition as described above, said defendants would not have taken the actions against plaintiff BAILEY that they did.

57.    As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

58.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By Plaintiff BAILEY Against all Defendants)**

59.    Plaintiff hereby realleges and incorporates by reference the

COMPLAINT FOR DAMAGES
14

allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60.   As shown above, defendants BARBEE and DOES 1 through 10, inclusive, used the threat of force and actual use of force and violence against plaintiff BAILEY to stop him verbally protesting their actions and to chill him from doing so in the future, that were being perpetrated against him.

61.   Also as shown above, said defendants used unreasonable force and violence against plaintiff BAILEY because of his protests of their actions perpetrated against him.

62.   The actions of defendants BARBEE and DOES 1 through 10, inclusive, above-described, were done in retaliation for plaintiff BAILEY's exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by plaintiff to said defendant deputy sheriffs about their mistreatment of the plaintiff as well as plaintiff exercising his Fourth Amendment right to be secure in his person and his property.

63.   Said actions by said defendants constitute the use of actual force and violence, and the threatened use of force and violence against the plaintiff BAILEY for his exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by the plaintiff to said defendant deputy sheriffs about their mistreatment of the plaintiff as well as plaintiff exercising his Fourth Amendment to be secure in his person and his property.

64.   Moreover, as shown above, said defendant deputy sheriffs falsely arrested and falsely imprisoned the plaintiff, using actual force and violence against plaintiff, as well as threats of same.

65.   Said defendant deputy sheriffs, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or

enjoyment by plaintiff of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

66.   Said defendants BARBEE, COUNTY and DOES 1 through 10 are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

67.   As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

68.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

69.   In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, the plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

## SIXTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (By Plaintiff BAILEY Against all Defendants)

70.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

16

71.     As complained of above, plaintiff BAILEY was unlawfully seized and arrested by defendants BARBEE and DOES 1 through 10, inclusive, on July 29, 2020.

72.     As complained of above, said defendants BARBEE and DOES 1 through 10 had neither reasonable suspicion of criminality afoot about plaintiff BAILEY, nor probable cause to believe that plaintiff BAILEY had committed a crime.

73.     Defendants BARBEE, COUNTY and DOES 1 through 10, inclusive, are liable to plaintiff for their false arrests / false imprisonments pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

74.     As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

75.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## SEVENTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiff BAILEY Against All Defendants)

76.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

77.     The actions committed by BARBEE and DOES 1 through 10, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon plaintiff BAILEY and constituted a battery of him by BARBEE and DOES 1 through 10, inclusive, under California state law.

78.     Defendants BARBEE, COUNTY and DOES 1 through 10, and each of them, are liable to plaintiff BAILEY for said batteries of him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

79.     As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

80.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## EIGHTH CAUSE OF ACTION
### Assault
### Under California State Law
### (By Plaintiff BAILEY Against all Defendants)

81.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

82.     The actions committed by BARBEE and DOES 1 through 10, inclusive, above-described, constituted an assault of plaintiff BAILEY under California state law, as said plaintiff was unlawfully placed in reasonable fear of

receiving an imminent violent injury by defendants BARBEE and DOES 1 through 10, inclusive.

83.     Defendants BARBEE, COUNTY and DOES 1 through 10, inclusive, and each of them, are liable to under California state law for said assaults of plaintiff, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

84.     As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

85.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**NINTH CAUSE OF ACTION**
**Conversion / Trespass to Chattels**
**Under California State Law**
**(By Plaintiff BAILEY Against All Defendants)**

86.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 85, inclusive, above, as though set forth in full herein.

87.     Plaintiff BAILEY owned and possessed an automobile identified hereinabove and at all times mentioned herein.

88.     Said defendants BARBEE and DOES 1 through 10 inclusive,

COMPLAINT FOR DAMAGES
19

intentionally and substantially interfered with plaintiff BAILEY's use of his property by taking possession of plaintiff's vehicle and having said vehicle towed.

89. Plaintiff BAILEY did not consent to said defendants, and each of them, to the taking of his vehicle by said defendants.

90. Plaintiff BAILEY was harmed by the taking of his vehicle by said defendants.

91. Said defendants' conduct, and each of them, was a substantial factor in causing plaintiff's harm.

92. Defendants BARBEE, COUNTY and DOES 1 through 10, inclusive, and each of them, are liable to under California state law for said conversion / trespass to chattels of plaintiff's vehicle, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

93. As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

94. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### TENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**Under California State Law**
**(By Plaintiff BAILEY Against All Defendants)**

COMPLAINT FOR DAMAGES

20

95.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 94, inclusive, above, as if set forth in full herein.

96.    Defendants BARBEE and DOES 1 through 10, inclusive, and each of them, knew and/or should have known that plaintiff BAILEY was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff as complained of above and herein.

97.    Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

98.    Defendants BARBEE, COUNTY and DOES 1 through 10, inclusive, and each of them, are liable to under California state law for said conversion / trespass to chattels of plaintiff's vehicle, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

99.    As a direct and proximate result of the actions of defendants BARBEE and DOES 1 through 10, inclusive, plaintiff BAILEY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, medical expenses, towing fees, damage to his vehicle and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

100.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BAILEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

101.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of

COMPLAINT FOR DAMAGES

punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)      For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)      For a judgment against all defendants for punitive damages in an amount in excess of $3,000,000.00;

c)      For an award of reasonable attorney's fees and costs;

d)      For a trial by jury; and

e)      For such other and further relief as this honorable court deems just and equitable.

JERRY L. STEERING
Attorney for plaintiff
ROBERT JACOB BAILEY

COMPLAINT FOR DAMAGES
22